THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN LINDNER, Plaintiff in Error.

*Opinion filed February 21, 1914.*

1. PRACTICE—*evidence heard in support of motion must be preserved by bill of exceptions.* The evidence heard in support of a motion to discharge a prisoner must be incorporated in a bill of exceptions under the certificate of the trial judge, and it does not become a part of the record by the act of the clerk incorporating it therein.

2. CRIMINAL LAW—*statute does not require person to be tried within four months from commitment.* The statute does not require that a person committed without bail for a criminal offense shall be tried within four months from the time of his commitment, but that he shall be tried at some term of the court having jurisdiction of the offense commencing within four months from the date of commitment, unless the delay is caused on application of the prisoner, or the court is satisfied that due exertion has been made to procure evidence on the part of the People and there is reasonable ground for belief that the evidence may be produced at the next term of court.

3. SAME—*when date of commitment by municipal judge is not the date to be reckoned from.* The date of commitment on a warrant issued by a judge of the municipal court of Chicago is not the date to be reckoned from in determining the right of the prisoner to be discharged under the statute, where it appears that he was subsequently discharged by the municipal court for want of prosecution of the suit and was later committed without bail on the verdict of a coroner's jury.

4. SAME—*what is necessary to entitle prisoner to discharge for delay in bringing him to trial.* In order for the Supreme Court to hold that a prisoner was entitled to be discharged by the trial court under the statute, the record must show that the continuances from term to term were not granted upon the prisoner's application.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

WALTER E. BOERGER, and F. L. BARNETT, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to review a judgment of the criminal court of Cook county sentencing plaintiff in error to a life term in the penitentiary for the crime of murder.

The trial of plaintiff in error was had at the July term, 1913, of the criminal court of Cook county. That term of court began on the 7th day of July, 1913. On the 23d of July, 1913, plaintiff in error moved for his discharge for want of prosecution within the time required by the statute. (Hurd's Stat. 1911, chap. 38, par. 438.) The motion was overruled, and on the 29th day of July, and during said July term, defendant was tried, found guilty by a verdict of a jury and his punishment fixed at imprisonment in the penitentiary for life. The only question raised by the assignments of error is the ruling of the criminal court in denying the motion of plaintiff in error for his discharge. Plaintiff in error contends he was committed to jail under the charge of murder for which he was subsequently indicted and convicted, on the 24th day of February, 1913, and not having been tried at a term of court having jurisdiction of the offense, commencing within four months of the day of commitment, the court was without jurisdiction to try him at a later term and should have allowed his motion for discharge.

There is no bill of exceptions in the record. There is a stipulation between the State's attorney of Cook county and plaintiff in error, by his counsel, that on the hearing of the motion of plaintiff in error for his discharge certain evidence was offered in support of the motion, which is then set out but is not signed by the judge. The clerk's certificate to the record is that it is a true, perfect and correct copy of the record, "together with a copy of a certain stipulation signed by the People of the State of Illinois, by Maclay Hoyne, State's attorney, and John Lindner, by Walter E. Boerger and F. L. Barnett, his attorneys." The evidence offered and heard in support of the motion to dis-

charge could not be made a part of the record except by
the certificate of the trial judge. In the absence of a bill
of exceptions certified by the trial judge it could not be
made a part of the record by the clerk incorporating it
therein. (*People* v. *Tielke,* 259 Ill. 88; *Gillespie* v. *People,* 176 id. 238.) All that is shown by what can properly
be considered as the record is, that on the 28th day of April,
1913, which was one of the days of the April term of the
criminal court, the grand jury returned into open court an
indictment charging plaintiff in error with the murder of
Annie Christine Lindner. On the second day of May, which
was also one of the days of the April term of court, plaintiff in error was furnished with a copy of the indictment and
lists of witnesses and jurors, and upon being arraigned entered a plea of not guilty. It is not shown for what reason or at whose instance the cause was not tried at the
May or June term of the criminal court. The record shows
that on the 23d day of July (one of the days of the July
term of the criminal court) plaintiff in error moved the
court to discharge him for want of prosecution within the
time prescribed by law. On that day the motion was heard
in part and its further hearing postponed to the 28th day
of July, at which time the hearing upon the motion was
concluded and the motion overruled. On the 29th day of
July, which was still during the July term, a jury was empaneled, trial had, plaintiff in error found guilty and his
punishment fixed at imprisonment for life by the verdict of
the jury. Plaintiff in error thereupon moved for a new
trial, which motion was continued until August 1, 1913, on
which date it was overruled. Thereupon plaintiff in error
moved in arrest of judgment, and that motion was also
overruled and judgment rendered on the verdict, sentencing
plaintiff in error to imprisonment in the penitentiary at
Joliet for the term of his natural life.

It does not appear from the record when plaintiff in error was committed to jail for the supposed criminal offense

or that he was committed prior to the return of the indictment. He was tried at a term of court commencing within four months from the time the indictment against him was returned, and, so far as disclosed by the record, the motion for his discharge was properly overruled.

We have examined the stipulation referred to, and are of opinion that if it could properly be treated as a part of the record there was no error committed in overruling the motion of plaintiff in error for his discharge, made at the July term. The proof it was stipulated was heard on the motion to discharge shows a warrant was issued by order of municipal judge Courtney on February 24, 1913, for the arrest of plaintiff in error upon a charge of murder. The order for the warrant was that it issue without bail. On the same day the warrant was issued plaintiff in error was arrested, and on motion of the State's attorney his preliminary hearing was postponed to March 6. Plaintiff in error was placed in jail February 26. On motion of the State's attorney, on March 6 the preliminary trial was postponed to March 14 and plaintiff in error was remanded to the county jail. On March 14 by agreement the hearing was postponed to March 27 and the defendant was again remanded to the county jail. The record of the municipal court, John Courtney, judge, shows the following entry on March 27, 1913: "Suit dismissed want prosecution and defendant discharged." The jail record shows plaintiff in error was discharged from jail March 25. A further copy of the jail record embraced in the stipulation shows plaintiff in error was committed to jail without bail by verdict of a coroner's jury, on a charge of murder, on March 28, 1913, where he was confined until sent to the penitentiary. If this stipulation were properly before us it would afford no justification for a reversal of the judgment. Plaintiff in error's contention is that he was committed upon the criminal charge February 26 and that the March, April, May and June terms of the criminal court intervened before he was tried.

He was discharged March 25 from the commitment made by virtue of the warrant issued by the municipal court, the prosecution on that charge having been dismissed on the 24th.    March 28 he was committed to jail without bail, upon a verdict of a coroner's jury, for the criminal charge upon .which he was tried and convicted, and in our opinion that is the date from which his commitment must be reckoned.    He was tried at a term of court which commenced on July 7, within four months of his commitment. The statute does not require that a person committed without bail for a criminal offense shall be tried within four months from the time he was committed, but that he shall be tried at some term of the court having jurisdiction of the offense, commencing within four months of the date of the commitment.    Plaintiff in error was tried at a term of court commencing within four months of that date.    The ·right to a discharge if not tried at some term of court commencing within four months from the date of commitment.is qualified by the provision of the statute that if the delay is caused on the application of the prisoner, or if the court is satisfied that due exertion has been made to procure the evidence on the part of the People and that there is reasonable ground to believe such evidence may be procured at the next term, then the court may continue the cause to the next term of court.    If the time of commitment could be counted from February 26, there is nothing in the stipulation showing upon whose application or for what reasons the cause was continued at the March, April, May and June terms of the criminal court.    For aught that is shown by the stipulation the continuances were granted on the application of plaintiff in error.    To entitle a defendant to discharge under the statute the record must show that the continuances were not granted upon his application. *Gallagher* v. *People,* 88 Ill. 335; *Meadowcroft* v. *People,* 163 id. 56.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*