## Union Savings Bank of Eau Claire, Wisconsin, Appellant, v. Frank Milhening, Appellee.

### Gen. No. 31,550.

1. APPEAL AND ERROR—*necessity of including depositions and legal propositions in bill of exceptions.* Depositions used in a cause upon the trial and legal propositions then offered should be included in the bill of exceptions instead of the common-law record.

2. NEGOTIABLE INSTRUMENTS—*discharge of indorser by failure to serve notice of dishonor.* The indorser of a note is discharged by failure to give him notice of dishonor as required in Cahill's St. ch. 88, ¶ 110,

on the evidence showing that he did business in the same building where notice of protest was served on the maker but no inquiry was made of his whereabouts, and that the notice of dishonor was mailed in an address in another State at which he had never lived and done business.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed. Opinion filed October 19, 1927.

MACK & LOWES, for appellant.

CARLETON H. PENDLETON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of assumpsit on a promissory note, brought by the indorsee, Union Savings Bank of Eau Claire, Wisconsin, against Frank Milhening, the appellee herein, as indorser. The note was dated Chicago May 23, 1921, payable one year after its date to the order of Henry Laycock, for $1,000, at 135 South State Street, Chicago, with interest at the rate of 6 per cent per annum. The note was made by Elmer E. Freeman and Frank Milhening, appellee, indorsed the note on the day of its date, and before its delivery to Laycock, and Laycock subsequently indorsed the note to the plaintiff bank.

The cause was tried before the court without the intervention of a jury. There was a finding and judgment for the defendant, and plaintiff prosecutes this appeal in an effort to reverse that judgment.

There are two reasons why the judgment must be affirmed. In the first place the bill of exceptions does not, nor does it purport to, contain all the evidence, but omits several parts of it. Depositions used in the cause upon the trial and certain propositions of law offered at the trial are not included in the bill of

exceptions. Such documents are found in the common-law record, when they should be in the bill of exceptions.

In *People v. Lindner*, 262 Ill. 223, it was held that evidence heard on the trial must be incorporated into the bill of exceptions, and that such evidence does not become a part of the record by the clerk incorporating the same in the common-law record. To the same effect is *People v. Ellsworth*, 261 Ill. 275.

And secondly, the failure to give defendant notice of protest as required by the Negotiable Instruments Act.

Section 88 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 110, provides that when a negotiable instrument has been dishonored for nonpayment, notice of dishonor must be given to each indorser and every indorser to whom such notice is not given is discharged.

The notice to Milhening, defendant, was sent to him addressed at Eau Claire, Wisconsin, a place where he never lived or did business. The note was payable at 135 South State Street, Chicago, and it appears uncontradicted by defendant's evidence that he did business at the time the note was made and indorsed by him and at the time of its protest for nonpayment at 135 South State Street, Chicago, the same address as the maker of the note.

Notice of the protest of the note for nonpayment was mailed to defendant at Eau Claire, Wisconsin, and having given such notice erroneously, plaintiff made no attempt thereafter to discover the real address of defendant. It is in evidence by defendant that his name and address were in the city and telephone directories. When the notary served the notice of protest upon the maker of the note at 135 South State Street, Chicago, he could have with the exercise of the slightest diligence discovered that defendant's place of business was in the same building, but no inquiry or attempt was made to discover the address

of defendant by the notary or plaintiff, or anyone else. This dereliction of duty discharged the defendant from liability as indorser of the note in suit under the Negotiable Instruments Act, *supra.*

For failure to give the notice of protest to defendant, as required by the Negotiable Instruments Act, *supra,* and for the additional reason that the bill of exceptions is informal and insufficient, as heretofore pointed out, the judgment of the circuit court is affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.