(No. 28588.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAX STILLMAN, Plaintiff in Error.

*Opinion filed September 19, 1945.*

MAX STILLMAN, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROY P. HULL, State's Attorney, of Peoria, (C. E. McNEMAR, of Peoria, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case is here on a writ of error to the circuit court of Peoria county. Plaintiff in error was found guilty by a jury of the crime of robbery. He was sentenced to the penitentiary in accordance with the statute. The sole error relied upon in this court is the action of the trial court in overruling the motion of plaintiff in error for discharge for want of prosecution under section 18 of division XIII of the Criminal Code. Ill. Rev. Stat. 1943, chap. 38, par. 748.

The record shows that the indictment was returned on March 17, 1938. On March 22, 1940, plaintiff in error was arrested and committed to the county jail to await trial. On May 20, 1940, the cause was continued, on motion of plaintiff in error, to the September term, 1940, of the circuit court of Peoria county. At the September term, 1940, the cause was continued, on motion of the State's Attorney, to December 31, 1940. A trial was entered upon on December 31, 1940, which resulted in a verdict finding the defendant guilty. The verdict was returned on January 3, 1941.

On December 23, 1940, plaintiff in error filed a motion for his discharge under said section of the Criminal Code, alleging that he was, on March 22, 1940, committed to jail, and had not been tried within four months after the date of his commitment. The motion was heard and denied by the trial court. This statute was enacted to give effect to section 9 of the Bill of Rights securing to the accused in a criminal case a speedy public trial, but which does not fix specific limitations. (*People* v. *Meisenhelter,* 381 Ill. 378; *People* v. *Maniatis,* 297 Ill. 72.) The right to a speedy trial guaranteed to a defendant by the constitution is only against arbitrary and oppressive delays. (*Weyrich* v. *People,* 89 Ill. 90.) We have repeatedly held that where the failure to try a defendant within the time prescribed

by the statute is occasioned by the defendant himself, the statute does not apply. *People* v. *Hotz,* 261 Ill. 239; *Healy* v. *People,* 177 Ill. 306; *People ex rel. Woodruff* v. *Matson,* 129 Ill. 591; *Dougherty* v. *People,* 124 Ill. 557.

When plaintiff in error was committed on March 22, 1940, he was, under the above statute, entitled to a trial within four months from the date of his commitment. However, on May 20, 1940, he sought and obtained a continuance to the September term. This constituted a waiver of his right to be tried within four months from the ·date of his original commitment. By this action he placed it beyond the power of the People to give him a trial until the September term, 1940. He was not, therefore, entitled to a trial until the convening of the September term, which was on September 9, 1940. Upon the convening of that term, to which the cause had been continued on his motion, he was entitled to a trial within four months from the first day of the term. The trial was begun on December 31, and concluded on January 3, following. The trial was thus begun within four months from the first day of the September term, 1940. The operation of the statute having been suspended by his act in obtaining a continuance, the four months within which he was entitled to a trial did not commence to run until the expiration of the date to which he had caused the action to be continued. The trial court did not err in denying the motion to discharge plaintiff in error. *Martino* v. *Ragen,* 374 Ill. 342; *People* v. *Witt,* 333 Ill. 258.

The judgment of the circuit court of Peoria county is affirmed.

*Judgment affirmed.*