(No. 31629.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS EARL HARTMAN, Plaintiff in Error.

*Opinion filed January 18, 1951.*

THOMAS EARL HARTMAN, *pro se.*

IVAN A. ELLIOTT, Attorney General, and GEORGE P.
COUTRAKON, State's Attorney, both of Springfield, (LAW-
RENCE SWINYER, of Springfield, and HARRY L. PATE, of
Tuscola, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Thomas Earl Hartman, filed in the
circuit court of Sangamon County what purports to be a
motion to vacate a judgment of conviction entered against
him August 27, 1946, and for the court to review and set
aside said judgment. The circuit court denied this motion,
and defendant prosecutes a writ of error to this court.
While the motion does not refer to the Post-Conviction
Act, (Ill. Rev. Stat. 1949, chap. 38, par. 826,) reference
is made thereto in the brief as the basis of the right of
plaintiff in error to have said judgment of conviction set
aside. Since the plaintiff in error filed no common-law
record or other record we conclude that he bases his claim
to release upon the provisions of said statute, approved

August 4, 1949, relating to violation of the defendant's constitutional rights.

The motion, herein designated as a petition, sets forth the following facts: That he was arrested and bound over to the grand jury on April 23, 1946; that he was indicted. by the grand jury on July 15, 1946; that on July 19, 1946, he entered a plea of not guilty, and that on August 27, 1946, he changed his plea from not guilty to guilty, and was thereupon sentenced to the penitentiary for a term of not less than five nor more than nine years. It will be noted that his petition does not state the crime with which he is charged, nor does he include all of the facts in connection therewith. The record shows he was indicted for the crime of robbery while armed with a dangerous weapon.

In addition to the facts disclosed in petitioner's petition the additional record filed by the Attorney General discloses that on August 16, 1946, the defendant prayed for a continuance, and was granted a continuance until August 27, 1946, on which day he pleaded guilty. The ground upon which he claims he is entitled to a discharge was that there was a violation of his constitutional rights because the State's Attorney failed to bring the petitioner to trial within four months from the date of his commitment. Ill. Rev. Stat. 1949, chap. 38, par. 748.

The record in the case shows that he was indicted on July 15, 1946. He prayed for a continuance on August 16, 1946, which was granted by the court, until the date he pleaded guilty. It thus appears from the record that within the four months' period within which the law requires a prisoner charged with a crime to be tried, the petitioner prolonged his own imprisonment beyond the four months by procuring a continuance of said trial until the date he pleaded guilty.

The law is well settled in this State that the right of the defendant to be tried within four months of his commitment is waived by the defendant when he seeks and

obtains a continuance of his cause to a period beyond the four months' period within which he would otherwise be required to be tried. (*People* v. *Stillman,* 391 Ill. 227; *People* v. *Meisenhelter,* 381 Ill. 378; *People* v. *Maniatis,* 297 Ill. 72.) We have also repeatedly held that where the failure to try the defendant within the time prescribed by the statute is occasioned by the defendant himself, the statute does not apply. *People* v. *Stillman,* 391 Ill. 227; *People* v. *Hotz,* 261 Ill. 239; *Healy* v. *People,* 177 Ill. 306.

It is to be observed that the statute was enacted to give effect to section 9 of the Bill of Rights, securing to an accused in a criminal case a speedy trial. The constitution does not fix the time, and the statute is only intended to implement the provisions of the constitution, but a violation of the statute or of the procedure under the statute does not in itself create a constitutional question. (*People* v. *Maniatis,* 297 Ill. 72.) The statute under which he seeks relief provides that his petition must show that the proceedings which resulted in his conviction operated as a denial of a substantial right under the constitution of the United States or of the State of Illinois.

It is clear that the petition of plaintiff in error does not set forth a denial of any rights under the constitution of the United States, nor does it show any denial of any constitutional right under the constitution of the State of Illinois. It is true that the Bill of Rights in the Illinois constitution provides that in all criminal prosecutions the accused shall have the right to a speedy trial. (Art. II, sec. 9.) And this constitutional provision has been implemented to a certain extent by the provisions of the statute, which require a person not admitted to bail to be tried within four months of the date of such commitment. The provisions of the constitution are general, and it is only a right under the statute that the petitioner is here seeking to enforce. This constitutional requirement of a speedy trial has always been considered as a guarantee only against

arbitrary and oppressive delays. (*People* v. *Utterback,* 385 Ill. 239; *People* v. *Maniatis,* 297 Ill. 72; *Weyrich* v. *People,* 89 Ill. 90.) Defendant is not entitled to the benefit of the four-month statute because, at his own request, the cause was continued beyond the four months' period within which the law required him to be tried, such fact being disclosed by the supplemental record filed by the Attorney General.

The petition of plaintiff in error not only utterly fails to disclose a denial of any right guaranteed to him by the constitution of the United States or of the constitution of the State of Illinois, but also fails to show a denial of the right to trial within four months, as fixed by section 18 of division XIII of the Criminal Code.

It should be here noted that this statute providing for hearing after conviction is limited to constitutional questions and the denial of constitutional rights. Ample provision is made for a review of an erroneous judgment of conviction of persons charged with crime based upon errors occurring during trial, including the denial of rights guaranteed by the constitution. (*People* v. *Loftus,* 400 Ill. 432.) The plaintiff in error has not sought a review of his judgment of conviction against him by the ordinary process of writ of error, but now seeks to come into court and undertake the review of the record of conviction against him under the guise of asserting that a failure to follow the terms of the statute constitutes a violation of the constitution. Had he sought a review of his conviction by the ordinary writ of error he would have been denied relief because he procured an extension of time on his own application. It certainly was not the intent of the General Assembly, by the new act in question, to enable a person convicted of a crime to have a review of ordinary questions of procedure, for which the law already provides a remedy, by charging that they constitute a denial of constitutional rights.

In the last few years, hundreds of petitions for *habeas corpus* and writs of error, which were not supported by a bill of exceptions or other evidence which would permit of a review of said questions under the prevailing procedure, have been filed in this court alleging violations of constitutional rights, and it is apparent that by the enactment of the new statute the General Assembly intended to permit a review of those cases only in which the prisoner was denied substantial constitutional rights and no means existed of asserting them except by this new procedure. The act in question requires the petitioner to clearly set forth the manner in which his constitutional rights were violated.

When the complete record is presented to this court we find from an inspection thereof that none of the constitutional rights of plaintiff in error have been violated, and the circuit court, therefore, properly denied his application to set aside the judgment and discharge him.

We call attention to the last section of the Post-Conviction Act, providing that the final judgment upon *such a petition* for discharge may be reviewed by the Supreme Court by writ of error. Where the statute refers to "such petition" it refers to one in which specific actions, constituting denial of constitutional right, are alleged to have resulted in the petitioner's imprisonment. The act does not cover any other type of review, nor a petition that does not show a denial of substantial rights, and consequently a petition which does not clearly set forth a denial of constitutional rights does not present one which this court is required to consider.

The petition in this case wholly fails to set forth a denial of any constitutional right to which the plaintiff in error was entitled, and consequently his petition for writ of error is dismissed.

*Writ of error dismissed.*