(No. 35209.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLAYTON RANKINS, Plaintiff in Error.

*Opinion filed January 22, 1960.*

JUNIE L. SINSON, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Clayton Rankins, prosecutes this writ of error to review his conviction in the criminal court of Cook County on two charges of armed robbery. The sole question presented is whether the trial court erred in denying a motion for discharge predicated on the ground that defendant had not been tried within four months of commitment as provided in section 18 of division XIII of the Criminal Code. Ill. Rev. Stat. 1955, chap. 38, par. 748.

The record indicates defendant was arrested on November 18, 1956, and committed to jail. By separate indictments, returned on December 12, 1956, he was jointly indicted with other persons on two charges of armed robbery, and, when arraigned on the same day, the public defender was appointed to defend him after he had informed the court he was without counsel. Upon the court's own motion the causes were then continued to December 20, 1956, after which they were continued to January 15, 1957, "on motion of defendants," then, successively, to March 4, March 21, and April 8, 1957, by order of the court. On the latter date the public defender advised the court that defendant had refused to speak with him a few days earlier, and that a conflict of interest existed between defendant and a codefendant who was also represented by the public defender. At the same time defendant stated to the court he had neither requested nor authorized the public defender to represent him, that he wished to be represented by counsel appointed from the Chicago Bar Association, and that he was petitioning for discharge inasmuch as he had neither been tried nor admitted to bail within four months from the date of his arrest and confinement. The latter motion was denied.

On April 12, 1957, the court appointed an attorney from the bar association to represent defendant; however, 18 days later, on April 30, 1957, that attorney expressed his concern about being able to conduct the defense and the cause was continued to May 14, 1957, by order of the court. When the latter date arrived defendant made a request that his counsel withdraw from the case, which was denied, and presented a motion for a change of venue, which was granted. The same day defendant appeared before the chief justice of the criminal court, who granted the motion for discharge of counsel, appointed new counsel, and reassigned the causes for trial. On June 12, 1957, defendant withdrew his plea of not guilty as to one indict-

ment, entered a plea of guilty, and was sentenced to the penitentiary for a term of not less than five nor more than ten years. He waived a jury trial under the remaining indictment and, after a bench trial held July 10, 1957, was found guilty and sentenced to the penitentiary for a term of not less than three nor more than fifteen years, to run concurrently with his prior sentence.

Section 18 of division XIII of the Criminal Code (Ill. Rev. Stat. 1955, chap. 38, par. 748) provides that any person committed for a criminal offense, and neither admitted to bail nor tried within four months from the date of incarceration, shall be discharged upon petition unless the delay is occasioned by the prisoner, or unless an extension of not more than sixty days has been granted to the State for the procuring of additional evidence. We have repeatedly held that where a defendant has sought and obtained a continuance within the period in question, (*People* v. *Stillman,* 391 Ill. 227; *People* v. *Lindner,* 262 Ill. 223; *People* v. *Witt,* 333 Ill. 258,) or when he asks for and receives a change of venue (*People* v. *Iasello,* 410 Ill. 252,) or by his own action he has otherwise caused the delay, the right to be tried within the four-months period is temporarily suspended, (*People* v. *Morris,* 3 Ill.2d 437; *People* v. *Hartman,* 408 Ill. 133; *People* v. *Hotz,* 261 Ill. 239,) and the statute does not apply until a new four-months period has elapsed. *People* v. *Stillman,* 391 Ill. 227; *People* v. *Niemoth,* 409 Ill. 111.

In the present case the record clearly shows that on December 20, 1956, an attorney for one of the codefendants requested a continuance until January 15, 1957, and that the public defender, then the duly appointed counsel for defendant and certain other codefendants, announced as follows: "Let the record show that the public defender, on behalf of the total number of these defendants I have, I have talked to them and the total number of the defendants want some additional advice, so we will join in the motion

of defendant." By joining in this request for continuance, which was subsequently granted in both cases, defendant consented to the delay and therefore waived his right to be tried within four months from November 18, 1956, the date of his arrest and commitment. (*People* v. *Niemoth,* 409 Ill. 111; *Healy* v. *People,* 177 Ill. 306.) The statutory period, which would have expired on March 18, 1957, was thus recommenced on January 15, 1957, so as to expire on May 15, 1957. However, by procuring a change of venue on May 14, 1957, defendant occasioned a further delay which again interrupted the running of the four-months term and extended its termination until September, 1957. Since both cases were disposed of long before the latter date, the statute did not become operative in the instant proceedings.

To avoid the consequences of the delay which happened on his own application, defendant now urges he was without effective counsel during the first four months following his arrest. In other words, it is his contention that any actions of the public defender were not binding upon him, first, because the defender failed to file a formal appearance in defendant's behalf, second, because it was necessary for defendant to file his petition for discharge *pro se,* and, third, because the public defender represented interests contrary to those of defendant. Such contentions are completely without merit. The record affirmatively shows the public defender was appointed to represent defendant on December 12, 1956, and there is no showing that defendant made any objection. Likewise, the record establishes that the public defender effectively filed a formal appearance as counsel in defendant's behalf on December 13, 1956, and that, until replaced by other counsel on April 12, 1957, he acknowledged in open court on several occasions that he represented defendant, even to the extent of stating on March 4, 1957, that he was ready for trial. During the same period of time defendant made no objection to his

counsel and, on December 20, 1956, advised the court through his counsel that he desired a bench trial, and said nothing when the public defender joined in the motion for continuance with other counsel. It was not until April 8, 1957, three and one-half months after the delay of December 20 had been occasioned, that defendant expressed any dissatisfaction with his counsel or rejected his services.

From the record it is plain that defendant acquiesced in the appointment of the public defender and accepted his services, both without question or objection, and that such official formally and actively functioned as defendant's counsel until relieved by the court on April 12, 1957. It is not of significant consequence that defendant presented a motion for discharge, *pro se,* on April 8, 1957, or that the public defender stated on the same date that there was a conflict of interest between defendant and a co-defendant. As to the first circumstance, defendant, by virtue of the delay occasioned from December 20, 1956, to January 15, 1957, could not have been legally entitled to discharge until May 15, 1957, thus a motion by the public defender for such relief would have been useless and unavailing; and as to the latter circumstance, no suggestion of a conflict of interest appears until just prior to April 8, 1957, when defendant refused to co-operate with his counsel. When it did appear counsel took immediate steps to be relieved and thus to protect the defendant's interest.

We think it equally clear that defendant's belated dissatisfaction with his counsel and objection to his appointment were made to avoid the continuance granted defendant on December 20, 1956. In principle, there is little to distinguish the present case from *People* v. *Ephraim,* 411 Ill. 118, where we held that an accused may not fully avail himself of the services of appointed counsel and then, later, disclaim both the services and the appointment when it appears to his advantage to do so. Any other rule, as this

case demonstrates, would cause undue delay and greatly embarrass the effective prosecution of crime. On this record we hold that defendant was bound by the acts of his counsel on December 20, 1956, and that the delay occasioned on that date was effective to suspend the running of the four-months limitation.

Furthermore, as to one of the indictments returned against him, we may consider that defendant ultimately entered a plea of guilty. By so doing, he waived any error which might have arisen from the denial of his motion for discharge in that cause. *People* v. *De Cola,* 15 Ill.2d 527; *People* v. *Sweeney,* 409 Ill. 223.

For the reasons stated, the judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*