(No. 36292.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL MENZO SHAW, Plaintiff in Error.

*Opinion filed March 23, 1962.*

DAVID A. NORTH, of Rockford, appointed by the court, for the plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH, and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ROSARIO A. GAZIANO, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Defendant was convicted on a jury trial of the crime against nature and was sentenced to the penitentiary for a term of not less than 2 nor more than 7 years. His sole contention on this writ of error is that he was not tried within the four-months period provided by law and that the trial court erred in denying his motion for discharge.

Defendant was arrested and confined on December 12, 1957, and was never admitted to bail. He was indicted on

January 14, 1958. He was present in court on January 16, 1958, for arraignment, and a motion to quash was made. The case was continued by the court for the hearing on the motion to quash until January 20, 1958. On January 20, 1958, the motion to quash was heard and denied, and the defendant entered a plea of not guilty. On the same day, January 20, 1958, the defense counsel requested orally that the court order a psychiatric examination of defendant. The court ordered or authorized such an examination to be made the same day at defendant's expense. There is nothing in the record to show whether an examination was in fact performed. Apparently no report of such an examination was ever submitted to the court, the State's Attorney's office, defense counsel, or the defendant. The common-law record contains no mention of such a request or order. At no time did defendant make a motion for a continuance.

On April 14, 1958, the case was called for trial for the first time. Defendant filed a motion for discharge, which was denied by the trial court. Later the same day, the defendant moved for a continuance. This motion was denied. The case proceeded to trial on the same day, and the jury returned its verdict the following day. Defendant filed a post-trial motion on April 22, 1958, which, among other grounds, alleged that the court erred in denying defendant's motion for discharge. The court indicated at this time that the motion for discharge was denied on the ground that the defendant had applied for a psychiatric examination on January 20, 1958.

Section 18 of division XIII of the Criminal Code of 1874 (Ill. Rev. Stat. 1957, chap. 38, par. 748) provides: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the

prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days."

It is undisputed that defendant was not tried within four months of the date he was committed. The People, however, contend that by requesting a psychiatric examination on January 20, 1958, the defendant caused the delay in his trial.

In *People* v. *Rankins,* 18 Ill.2d 260, 262, we stated: "We have repeatedly held that where a defendant has sought and obtained a continuance within the period in question, (*People* v. *Stillman,* 391 Ill. 227; *People* v. *Lindner,* 262 Ill. 223; *People* v. *Witt,* 333 Ill. 258,) or when he asks for and receives a change of venue (*People* v. *Iasello,* 410 Ill. 252,) or by his own action he has otherwise caused the delay, the right to be tried within the four-months period is temporarily suspended, (*People* v. *Morris,* 3 Ill.2d 437; *People* v. *Hartman,* 408 Ill. 133; *People* v. *Hotz,* 261 Ill. 239,) and the statute does not apply until a new four-months period has elapsed. *People* v. *Stillman,* 391 Ill. 227; *People* v. *Niemoth,* 409 Ill. 111."

Here, unlike the situation in the cases cited above, there is nothing to indicate that any action by or on behalf of defendant caused or contributed to the delay in bringing him to trial. True, upon request of defense counsel a psychiatric examination was either ordered or authorized, but there is nothing to suggest that this caused any delay. At the time of the request the case had not been set for trial, and no continuance was asked or granted.

The recent case of *People* v. *Perry,* 23 Ill.2d 147, is not in point. There we held that, under the particular circumstances of that case, the defendant was not entitled to a discharge because he had substantially contributed to the delay

of his trial. In that case, the defendant was scheduled to be tried with a codefendant and the cause had been set for trial on a date within the four-month period. On the date set for trial, the defendant, without giving any previous indication of his intention, announced that he was not ready for trial and made a motion for severance. The severance was granted and the court reset defendant's trial for a later date. We held that, under the peculiar circumstances of that case, the defendant had contributed to the delay and was not entitled to be discharged. Here, in contrast to the *Perry* case, there is nothing to indicate that the request for a psychiatric examination contributed substantially or was even a factor in the delay.

The record contains some intimations that the trial court may have been influenced by the fact that the last day of the four-months period was a Saturday, and that the trial began the following Monday. In *People* v. *Hannon,* 381 Ill. 206, it was held that where the date on which the four-months period would otherwise have expired was a Sunday, the defendant was not entitled to discharge when he was tried the following Monday. This result was based upon the statutory provision which says that the time within which any act provided by law is to be done "shall be computed by excluding the first day and including the last, unless the last day is Sunday or is a holiday * * *, and then it shall also be excluded." (Ill. Rev. Stat. 1957, chap. 131, par. 1.11.) Since the statutory exception does not include Saturdays, the fact that the last day of the four-months period was a Saturday did not operate to extend the period to the following Monday.

Since the defendant was not tried within the four-months period and the delay was not on his application, the trial court erred in denying his motion for discharge.

The judgment of the circuit court of Winnebago County is reversed.

*Judgment reversed.*