(No. 39377.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RUTH M. PETROPOULOS, Appellant.

*Opinion filed Jan. 25, 1966.—Rehearing denied March 23, 1966.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY and FREDERICK F. COHN, Assistant Public Defenders, of counsel,) appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and WILLIAM J. NELLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Ruth M. Petropoulos, was arrested in Cook County on January 15, 1964, for the sale and possession of heroin and was bound over to the grand jury, which returned indictments on May 12, 1964. Before the case was reached for trial the defendant filed her petition for release on the statutory ground that she had not been brought to trial within 120 days from the date on which she was taken into custody. (Ill. Rev. Stat. 1963, chap. 38, par. 103—5.) The petition for discharge was allowed by the circuit court of Cook County on May 26, 1964.

The State appealed the discharge to this court, which, on the State's motion, transferred the case to the Appellate Court of Illinois, First District. That court determined

that the State had the right to appeal from the order discharging defendant; that the delay in trying defendant was occasioned by her and that the petition for discharge should not have been granted; and that the indictments against defendant were sufficient. (*People* v. *Petropoulos,* 59 Ill. App. 2d 298.) We have granted leave to appeal from this decision.

At the outset we agree with the conclusion of the appellate court that the State was entitled to appeal from the order of the trial court. While that order merely granted the defendant's motion petitioning for discharge, it was in substance and effect a dismissal of the indictments under section 114—1 of the Criminal Code. (Ill. Rev. Stat. 1963, chap. 38, par. 114—1(a)(1).) Our Rule 27(4), (Ill. Rev. Stat. 1964 Supp., chap. 110, par. 101.27(4),) specifically provides that the State may appeal from an order the substantive effect of which results in dismissing an indictment. See *People* v. *Blanchett,* 33 Ill.2d. 527.

We have fully examined the question of the sufficiency of indictments which allege the commission of an offense on a certain date in a certain county in *People* v. *Blanchett,* and held such allegations sufficient. We therefore agree with the appellate court that the indictments in this case are sufficient. See also *People* v. *Reed,* 33 Ill.2d 535.

The final issue before us is whether or not defendant was placed on trial in compliance with section 103—5 of the Criminal Code. (Ill. Rev. Stat. 1963, chap. 38, par. 103—5.) Section 103—5, implementing the constitutional right to a speedy public trial, provides in part that every person in custody for an alleged offense shall be tried within 120 days from the date he was taken into custody "unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal."

Since it appears that defendant was not placed on trial within 120 days from the time she was taken into custody,

she was entitled to discharge, unless the delay was occasioned by her.

We have examined the transcript of the preliminary hearings on this matter on January 16, and March 5, 1964. On both occasions it affirmatively appears that the defendant requested a continuance. On March 5 defendant persisted in her request for a continuance even after being advised by the court as follows: "You are entitled to it [a continuance], but I just wonder what you gain sitting."

From the entire record, which is more fully analyzed in the opinion of the appellate court, it is clear that defendant did, in fact, occasion delay in the proceedings by at least two requests for continuance at the preliminary hearings.

In her petition for discharge, defendant does not dispute the record, but insists that a police officer persuaded and influenced her to request continuances by making promises, the nature of which are undisclosed.

Despite this allegation of motivation there is nothing in the record to indicate that the requests were involuntarily made, and the trial judge specifically attempted to discourage her attempts to delay the proceeding. Despite defendant's possible motives, we believe the appellate court was correct in holding that defendant's voluntary acts tolled the running of section 103—5. *People* v. *Bagato, 27* Ill.2d 165; *People* v. *Reader, 26* Ill.2d 210, 214.

The judgment of the appellate court, reversing the order of the trial court discharging defendant and remanding the cause for trial, is accordingly affirmed.

*Judgment affirmed.*