(No. 38015.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED BENJAMIN, Plaintiff in Error.

*Opinion filed March 24, 1966.*

OSCAR O. D'ANGELO, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. ROGER HORSKY, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County the defendant was found guilty under two indictments charging the unlawful sale of narcotics and was sentenced to the penitentiary for concurrent terms of not less than 10 nor more than 20 years.

The defendant argues on this writ of error that the court erred in denying his motion for a discharge on the ground that he was not tried within four months of his confinement on the charge. It appears from the record that prior to December 20, 1961, the defendant had been confined in jail on a larceny charge. On that date a warrant for defendant's arrest on the narcotics charge was lodged at the jail and defendant remained in confinement from that date to May 23, 1962, the date of trial. On April 30, 1962, the defendant filed a motion for discharge which was denied. Since more than four months had elapsed since December 20, 1961, the date of defendant's confinement on the narcotics charge, he was entitled to a discharge unless he caused or contributed to the delay. *People* v. *Perry,* 23 Ill.2d 147.

The record shows that at a preliminary hearing held on January 23, 1962, on the larceny charge and the narcotics charges, an attorney, Maurice Scott, requested a continuance until February 1 in both cases. The defendant, who was present in court, did not object. When the defendant appeared for arraignment on March 26 on the narcotics charges, the following occurred:

"MR. DUFFY [an assistant Public Defender] : Judge, in this case, he thinks he may have a lawyer, but he's not sure.

THE COURT : Who is it?

THE DEFENDANT : Well, it was Scott. I don't know if he's going to be in court.

THE COURT : Do you want to wait a while?

THE DEFENDANT : He don't know.

MR. DUFFY: He wants about a week's continuance to get in touch with Scott. Is that correct?

THE DEFENDANT: Yes."

Defendant argues that the first continuance cannot be charged to him because Scott did not represent him in the narcotics cases, but only on the larceny charge. Other than the defendant's testimony at the hearing on the motion for discharge there is nothing to support this claim, and it is refuted by the defendant's acquiesence at the time Scott requested the continuance and his statement on March 26 that Scott had been his attorney. In our opinion the continuance to February 1 was at the request of the defendant. In the alternative, the defendant argues that a continuance of a preliminary hearing even at the request of the defendant does not toll the statute. We have held that such a continuance is sufficient to toll the statute and defendant's argument cannot be sustained. *People* v. *Bagato,* 27 Ill.2d 165 ; *People* v. *Petropoulos, ante. p.* 179.

Although what we have said is enough to dispose of the defendant's claim, we feel that it is appropriate to observe that the continuance granted on March 26 was also chargeable to the defendant. The defendant said he thought he had an attorney who was not present and agreed with the suggestion of the Public Defender that a continuance be granted. We are of the opinion that the defendant's claim that he was entitled to discharge has no merit.

The defendant's second contention may be shortly disposed of. He argues that the indictment was insufficient in that it did not sufficiently allege the place of the crime. In *People* v. *Blanchett,* 33 Ill.2d 527, we held that an indictment was sufficient if it alleged the crime occurred within the county in which the indictment was returned. The indictment in the present case alleged that the crime occurred in Cook County and was sufficient.

The defendant's final claim is that his jury waiver was

not understandingly made. The record shows the following proceedings at the time the waiver was made:

"THE COURT: Are you ready for trial?

MR. MORAN: [An asst. Public Defender] Yes, Judge.

THE COURT: Is the State?

MR. WOLFE [an asst. State's Attorney]: Yes.

MR. O'MALLEY [an asst. State's Attorney]: Yes.

THE COURT: And you want a trial by jury?

MR. MORAN: No, it will be a bench trial, Judge.

THE COURT: Very well, with that understanding, ask the defendant then, please, to sign two jury waivers.

(Jury waivers were signed.)

THE COURT: May I have the waivers, please. Benjamin, you apparently are indicted here in two indictments, each of which charge you with the unlawful sale of narcotic drugs. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Beg pardon?

THE DEFENDANT: Yes, sir.

THE COURT: And do you also understand that on these charges you have a right to be tried by a jury if you wish to be, and that you also have the right to waive trial by jury? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: The answer is yes?

THE DEFENDANT: Yes, sir.

THE COURT: By signing these papers you are waiving your right to trial by jury and be tried by the Court?

THE DEFENDANT: Well, I—yes, I would like—it doesn't—I don't—

MR. MORAN: Do you want a bench trial?

THE DEFENDANT: Yes, a bench trial.

THE COURT: Is that what you want?

THE DEFENDANT: Yes, sir."

Counsel for the defendant argues that the defendant's reply to the court's inquiry as to whether he wanted to waive a jury trial indicated that he did not knowingly and intelligently waive that right. In view of the entire proceedings we are of the opinion that the record shows that he was adequately admonished as to his rights, that he understood that a bench trial was not a trial by jury, and that, while represented by counsel, he knowingly waived his right to trial by jury.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*