(No. 47093

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. CHESTER PAUL GOODING, Appellee.

*Opinion filed September 26, 1975.*

GOLDENHERSH, J., dissenting.

William J. Scott, Attorney General, of Springfield, and
Edwin R. Parkinson, State's Attorney, of Jacksonville
(James B. Zagel, Jayne A. Carr, and Thomas Connors,
Assistant Attorneys General, of Chicago, for the People.

Richard J. Wilson, Deputy Defender, Office of State
Appellate Defender, of Springfield (Daniel D. Yuhas,
Assistant Defender, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the
court:

The defendant, Chester Paul Gooding, was convicted
of rape after a jury trial in Morgan County. He was
sentenced to serve from 8 to 20 years in the penitentiary.
The appellate court reversed the conviction on the ground
that the defendant had been denied his right to be tried
within 120 days from the date he was taken into custody.
(21 Ill. App. 3d 1064.) We granted leave to appeal.

The defendant was arrested and the public defender
appointed on September 28, 1972. The court set the

preliminary hearing for October 18. On that date the defendant's counsel informed the court that there was some question as to the complainant's ability to identify the defendant and requested a continuance of the preliminary hearing until it could be determined if the complaining witness could identify the defendant in a lineup. The State's Attorney agreed that the preliminary hearing be continued until October 25. On that date the defendant again moved for a continuance of the preliminary hearing for a purpose not disclosed by the record. The continuance was granted, and the preliminary hearing was held on November 3. The defendant remained in jail from the time of his arrest until January 22, 1973, at which time the sheriff released him from the county jail without the defendant posting the required bond. We need not consider the propriety of this release. The State submits that for the purpose of this appeal, it may be assumed that the defendant was in custody during the entire period from September 27, 1972, to February 16, 1973. On February 13, 1973, the defendant was indicted for rape and the arraignment was set for February 16, 1973. On February 16 the defendant moved for and was granted a continuance of the arraignment until February 20. On April 20, 1973, the defendant filed a motion for discharge for failure by the State to bring him to trial within 120 days from the date he was taken into custody (September 28, 1972). The motion was denied, and on April 24, 1973, the defendant was brought to trial.

Section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5) provides in part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***."

The 120-day period in this case began to run on September 28, 1972, the day of the arrest. The State

contends that the running of the statutory period was first tolled on October 18 when the preliminary hearing was continued to October 25. Again, on October 25, the defense was granted another continuance of the preliminary hearing to November 3. The State contends that on November 3, a new 120-day cycle began to run. On February 16, 1973, 103 days after this new statutory period had begun, the defendant was granted a continuance causing a delay in his arraignment until February 20, 1973. The defendant concedes that the February 16 continuance constituted a delay attributable to him. However, he argues that the 120-day period had run before that date.

The defendant argues that neither the October 25 nor the October 18 motion for a continuance was a delay occasioned by the defendant. He argues that he was not, in actual fact, responsible for any delay in his trial until February 16, 1973. It is his position that only when a defense continuance does, in actual fact, impede the ability of the State to bring a defendant to trial, can it be said that the defendant has waived his right to be tried within the statutory period. The appellate court held that the two continuances in October did not constitute delays attributable to the defendant because, in this case, the postponements of the preliminary hearing did not hinder or delay the eventual trial of the defendant.

We do not agree with the contention of the defendant or the reasoning of the appellate court. When it is not disputed that the continuance has been granted on motion of the defendant made within the 120-day statutory period, this court has consistently held that such a continuance constitutes delay "occasioned by the defendant." In *People v. Young*, 46 Ill.2d 82, 85, this court said:

> "Under the statute it has consistently been held that a continuance granted at the request of the defendant is a delay 'occasioned by the defendant'."

In *People v. Kuczynski,* 33 Ill.2d 412, 415, this court stated:

> "It is well established that where a defendant requests or agrees to a continuance, the four-months period starts again from the date to which the case is continued."

Also, in *People v. Rankins,* 18 Ill.2d 260, 262, it is stated:

> "We have repeatedly held that where a defendant has sought and obtained a continuance within the period in question, (*People v. Stillman,* 391 Ill. 227; *People v. Lindner,* 262 Ill. 223; *People v. Witt,* 333 Ill. 258,) or when he asked for and receives a change of venue (*People v. Iasello,* 410 Ill. 252,) or by his own action he has otherwise caused the delay, the right to be tried within the four-months period is temporarily suspended ***."

Thus, any continuance which is allowed during the 120-day statutory period constitutes a delay. When it is clear that the continuance is granted at the request of the defendant, then it is a delay "occasioned by the defendant" within the meaning of the statute, and a new statutory period commences to run from the date to which the continuance is granted. If it is not clear that the continuance is attributable to the defendant, the court will inquire into the circumstances surrounding the granting of the continuance to ascertain if the delay has been occasioned by the defendant. (See *People v. Shields,* 58 Ill.2d 202; *People v. House,* 10 Ill.2d 556.) Under the previous holdings of this court the continuances of October 18 and October 25 constituted delays occasioned by the defendant within the meaning of the statute. Under the rule well established by these decisions, the new statutory period commenced to run on November 3, the date to which the preliminary hearing was continued on defendant's motion on October 25, and had not expired on February 16, 1973, the date on which the defendant

was again granted a continuance.

The defendant's contention and the appellate court's holding that the continuance of a preliminary hearing does not constitute a delay which will cause the statutory period to run anew is contrary to the prior decisions of this court. This precise issue was raised and rejected by this court in *People v. Benjamin,* 34 Ill.2d 183. Also in *People v. Petropoulos,* 34 Ill.2d 179, and in *People v. Bagato,* 27 Ill.2d 165, this court likewise held that a continuance of a preliminary hearing which is attributable to the defendant is a delay which will toll the running of the statutory period. We know of no reason why we should depart from this well established principle.

The opinion of the appellate court states that six issues were urged by the defendant in that court. However, the appellate court considered only the speedy-trial issue. The other issues were not briefed or argued in this court, and we are not sufficiently informed on the issues involved to decide them. We therefore reverse the judgment of the appellate court and remand the cause to that court for determination of the remaining issues which were raised on appeal but not decided in that court.

*Reversed and remanded, with directions.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. In its well-reasoned opinion the appellate court has shown beyond question that the delay in this case resulted solely from the failure to timely indict the defendant and not from the continuance of the preliminary hearing.

The majority purports to find support for its position in *People v. Benjamin,* 34 Ill.2d 183, *People v. Petropoulos,* 34 Ill.2d 179, and *People v. Bagato,* 27 Ill.2d 165. The holding in those cases is based on the assumption that delay in the preliminary hearings in some manner delayed the trials, a conclusion unsupported by any semblance of reasoning and which will not withstand scrutiny.

Although constitutionally mandated (Const. 1970, art. I, sec. 7), we have held that prompt indictment obviated the need for a preliminary hearing (*People v. Hendrix,* 54 Ill.2d 165), that a conviction should be affirmed despite a patent violation of the constitutional provision, and that the remedy for the violation must be provided by the General Assembly. (*People v. Howell,* 60 Ill.2d 117.) In those cases and in *People v. Kent,* 54 Ill.2d 161, we recognized that although the existence of probable cause could be determined either by preliminary hearing or indictment, the prosecution could proceed only by indictment. It is obvious, therefore, that the failure to timely indict, not in any manner affected by the request for continuance of the preliminary hearing, caused the delay in this case.