(No. 37630.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM LEE HURST, Plaintiff in Error.

*Opinion filed September 27, 1963.*

WILLIAM LEE HURST, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and BRICE IRVING, State's Attorney, of Pittsfield, for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

By indictment returned to the circuit court of Pike County the defendant, William Lee Hurst, was charged with forging an indorsement on the back of a check and with uttering and passing said check with the intent to

prejudice, damage and defraud the payee named therein. The defendant was tried by a jury, found guilty and sentenced to the penitentiary for a term of not less than 5 years nor more than 10 years. His sole contention here is that he was not tried within four months of the date of his commitment, (see Ill. Rev. Stat. 1961, chap. 38, par. 748) and that the court erred in denying his motion for discharge.

The defendant was arrested and placed in jail on September 3, 1959, and was not admitted to bail. He was indicted on November 10, 1959, and the case was called for trial January 4, 1960. On that date the defendant moved for a discharge under the above statute, which motion was denied. Thereafter both parties announced ready for trial and a jury was impanelled and sworn to try the case. Thereupon it appears that when the time for adjournment arrived the jurors were released until the following morning. The trial was completed and verdict returned on January 5, 1960. At no time did the defendant make a motion for a continuance.

The State contends that the four-months period computed on a calendar month basis expired on January 3, 1960, a Sunday, and that the commencement of the trial on January 4 was in compliance with the statute. (*People* v. *Hannon,* 381 Ill. 206; *People* v. *Shaw,* 24 Ill.2d 219.) The defendant contends that the four-months period should be computed as 120 days and that said period expired on January 2, 1960, a Saturday, which fact did not operate to extend the time to the following Monday. (See *People* v. *Shaw,* 24 Ill.2d 219.) He further argues that the length of time from incarceration to trial would vary, unless calculated on a day-to-day basis and would result in denying the defendant equal protection of the law.

The defendant's theory has been expressly rejected by this court and it is now settled that the four-months period "is computed not by counting days, but by looking

at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month, except where the last month has not so many days, in which event it expires on the last day of that month." (*People* v. *Gilbert*, 24 Ill.2d 201, 203.) The argument that the possibility of a variance in the number of days that a person could be held before trial depending upon the month of his arrest requires that a day-to-day calculation be made was expressly considered by us in the *Gilbert* case and rejected. The trial, having commenced by the impanelling of the jury on January 4, was begun within the period of time specified by the aforementioned statute, and the defendant's motion for discharge was properly disallowed. Accordingly the judgment of the circuit court of Pike County is affirmed.

*Judgment affirmed.*