(No. 38032.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* NOAH B. DENHAM, Appellant.

*Opinion filed January 25, 1966.*

JOHN A. BOCK, JR., of Belleville, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN M. KARNS, JR., State's Attorney, of Belleville, for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Noah B. Denham, was arrested July 7, 1961, charged with robbery, tried by a jury in St. Clair County commencing November 6, 1961, convicted, and sentenced to the penitentiary for a term of not less than 5 nor more than 10 years. Defendant appeals from that conviction, alleging, *inter alia*, a deprivation of his constitutional right to a speedy trial and to representation by counsel.

At the outset we must consider if defendant's constitutional contentions are well founded. It appears from the record that defendant was brought to trial within four calendar months of his incarceration on July 7, 1961. It is well settled that such a trial satisfies the constitutional guaranty as implemented by the provisions of the Criminal Code then in effect. (Ill. Rev. Stat. 1961, chap. 38, par. 748; *People* v. *Hurst*, 28 Ill.2d 552; *People* v. *Gilbert*, 24 Ill.2d 201.) The new implementing provision of the Criminal Code, (Ill. Rev. Stat. 1963, chap. 38, par. 103—5,) establishing a period of 120 days within which a defendant must be tried, is inapplicable to prior convictions.

We next consider the allegation that defendant was deprived of the assistance of competent counsel. At defendant's arraignment on October 11, 1961, the court appointed the public defender as attorney for defendant. Thereafter the defendant advised the investigator for the public de-

fender that he was represented by an attorney, Rice. On November 6, 1961, the case was called for trial and defendant stated that he was represented by an attorney, Twigg, who was not present in court.

The court again appointed the public defender to represent defendant and the public defender then requested a continuance. The defendant refused to agree to a continuance. The public defender then made a motion for discharge under the four-month rule based on the theory of defendant which we have heretofore rejected. The motion was denied and the public defender stated that the defendant would have to go along with him for a continuance. When defendant refused, John Bock was appointed attorney for defendant.

The case proceeded to trial and no requests for a continuance, recess or mistrial thereafter appear of record. After defendant's conviction, however, counsel presented a post-trial motion alleging that there was no evidence to support the verdict, that improper evidence was admitted, and that "the defendant was denied due process of the law and denied adequate trial preparation * * *." This motion was supported by the affidavit of attorney Bock stating that he was appointed as counsel for defendant on November 6, 1961, and after a 15-minute recess proceeded to pick a jury. He further stated that at 7:55 that evening he sought to interview defendant in the county jail but was denied the right to interview his client by deputy sheriff William Butler.

In a counteraffidavit deputy sheriff Butler stated that he did not deny any request of counsel to interview defendant. The assistant State's Attorney also filed his own counteraffidavit alleging no information as to the alleged refusal of an interview, except that attorney Bock informally advised the court and the prosecution of the alleged refusal, and the prosecutor suggested a recess for as long as defense counsel thought necessary. This offer was

refused by defense counsel. After hearing, the post-trial motion was denied.

On this record we cannot say that defendant was denied any constitutional right. We fully agree that defendant had the right to be represented by competent counsel and to consult with him in private to such an extent as may be necessary to prepare his defense. We also are cognizant of defendant's right to a speedy trial. However, justice does not require the release of a defendant who purports to have counsel of his own choosing until the four-month period is about to expire, and then obtains appointed counsel, but refuses to agree to either a continuance or a recess for the purpose of consulting with counsel.

For purposes of this opinion we accept the affidavit of counsel that he was denied the right to consult with his client in jail at 7:55 P.M. on November 6, although this is controverted. However, it does not appear that any other request for consultation was denied, and counsel was unwilling to raise this question on the record until he had ascertained the verdict of the jury. The defense consistently refused to make any request for continuance or recess.

We agree with the trial court that this record does not show a denial of defendant's constitutional rights but rather indicates a studied effort by defendant to induce technical error.

We must now consider the questions of the sufficiency and propriety of the evidence at the trial.

Paul Fulton, an employee of Clark Oil Company, testified that on June 25, 1961, at a quarter to six he was working with Duke Trammel at the service station. A man in a maroon station wagon with a cream-colored stripe drove up and said "this is a hold-up, put the money in the bag. I have a gun in my pocket." Fulton dropped approximately $35 in the bag and got a good look at the driver, and wrote down the license number of the car. Fulton next saw defendant on July 7, 1961, when a police officer brought de-

fendant to the service station in the station wagon. Fulton positively identified defendant at that time and again on trial. This identification of defendant sustains the conviction. *People* v. *Boney,* 28 Ill.2d 505, 508; *People* v. *Washington,* 26 Ill.2d 207, 210; *People* v. *Oswald,* 26 Ill.2d 567.

Defendant complains that officer Bovinett was improperly permitted to testify that Fulton's co-worker, Trammel, who was not present at the trial, identified the defendant when he was brought to the service station. From an examination of the record it is clear that officer Bovinett was merely confused as to the names of the persons at the station and he was referring to the attendant Fulton when he spoke of Trammel. We feel the jury could not have been misled by this inadvertent mistake since Bovinett described the attendant as the one who "was just in this court room," clearly indicating Fulton.

We have also closely examined the record in relation to defendant's claim that improper evidence of other crimes was admitted and find his contention to be unwarranted.

The judgment of the trial court is affirmed.

*Judgment affirmed.*