## People of the State of Illinois, Appellee, v. Ernest Logrove, Appellant.

Gen. No. 50,926.

First District, First Division.

August 1, 1966.

Giannis, Giannis & Georges, of Chicago (Michael P. Giannis, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Ernest Logrove, was convicted in a bench trial of assault with the intent to commit murder, and sentenced to a term in the penitentiary of not less than seven nor more than twelve years. On appeal, his sole contention is that the trial court erred in denying his petition for discharge on the ground that he was not brought to trial within 120 days after his arrest, as is required by the Criminal Code. His appeal, filed originally in the Supreme Court, was transferred here.

Defendant was arrested on October 20, 1959, and was not admitted to bail. On February 2, 1960, he was arraigned, and the Public Defender was appointed in his behalf. Defendant entered a plea of not guilty, and moved for a behavioral clinic examination and for a pretrial investigation by the Probation Department. The court granted both motions, and set the case for trial on February 15, 1960. On that date, the case was continued (for reasons which do not appear from the record) until February 18. The trial began on that date, and defendant immediately moved for his discharge on the grounds urged here. The motion was denied, and after a sanity hearing and a bench trial the defendant was convicted.

Defendant points out that February 18, 1960, the date upon which his trial began, was 121 days after the date of his arrest. He contends that under Ill Rev Stats, c 38, § 748 (1959), the statute applicable to his prosecution, he was therefore entitled to his discharge unless it could be shown that he himself had contributed to the delay in the commencement of his trial. The remainder of

100

his brief is concerned with the question of whether his motions of February 2, 1960, for a behavioral clinic examination and for a pretrial investigation constituted a delay attributable to him.

■ The statute relied upon by the defendant reads, in pertinent part, as follows:

> § 748. Discharge for want of prosecution. Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within *four months* of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner. . . . (Ill Rev Stats, c 38, § 748 (1959).) (Emphasis added.)

It will be noted that the date of the commencement of the defendant's trial, February 18, 1960, while not within 120 days after the date of his arrest, October 20, 1959, nevertheless is within four calendar months after that date. The requirements of the statute were therefore met, in accordance with the rule announced by our Supreme Court in People v. Gilbert, 24 Ill2d 201, 181 NE2d 167, cert den, 371 US 844, and followed in People v. Hurst, 28 Ill2d 552, 193 NE2d 19; People v. Denham, 33 Ill2d 599, 213 NE2d 539, and People v. Walker, 34 Ill2d 23, 213 NE2d 552. In those cases, the defendants raised the same contention made by the defendant in this case, and under substantially identical facts. Mr. Justice Schaefer, writing for the court in Gilbert, approved a method of computation wherein the period is found to expire on the date of corresponding number in the fourth month following the month of the arrest, except where the latter month does not have a date of that number, in which case the period expires on the last day of the month. 24 Ill2d at 203. He went on to state:

> "We are of the opinion that the legislature meant a period of four months. That is what it said.

To uphold the defendants' contention it would be necessary to ignore or override the explicit provision of section 1.10 of the Statutory Construction Act, which states that 'Month' means a calendar month, . . . unless otherwise expressed." (Ill Rev Stats 1959, c 131, par 1.10.) (24 Ill2d at 204.)

In the case at bar, the period therefore did not expire until February 20, 1960, and defendant was not entitled to his discharge.

We note that § 103–5 of the 1963 Code of Criminal Procedure (Ill Rev Stats, c 38, § 103–5 (1963)), which supplanted the statute applicable to this case, provides that the period is "120 days," and not "four months." Our Supreme Court made clear in People v. Denham, 33 Ill2d 599, 600, 213 NE2d 539, however, that this provision is inapplicable to prior convictions.

In view of our holding, it is unnecessary for us to pass upon defendant's contention that his motions of February 2, 1960, did not delay his trial.

The judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.