THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS L. HILL, Defendant-Appellant.

(No. 54433; ■■■■■■■■

First District—December 30, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Robert Gray, Stanley Sacks, Nunzio Dan Tisci and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

*OFFENSE CHARGED*

Burglary. Ill. Rev. Stat. 1967, ch. 38, par. 19—1.

*JUDGMENT*

After a jury trial, defendant was found guilty and sentenced to a term of 6 to 15 years.

*CONTENTIONS RAISED ON APPEAL*

1. Defendant was entitled to a discharge under the "speedy trial" provision of the constitution (Art. 2, Section 9), and the implementing statute (Ill. Rev. Stat. 1967, ch. 38, par. 103—5).

2. Defendant was denied a fair trial due to improper remarks made by the prosecutor during his closing argument to the jury.

3. The sentence imposed was excessive.

*OPINION*

Defendant's first contention is that he was entitled to a discharge under Ill. Rev. Stat. 1967, ch. 38, par. 103—5, which provides that a defendant in custody is entitled to discharge if he is not tried within 120 days of the time he was taken into custody "unless delay is occasioned by the defendant, * * *."

This defendant was taken into custody on April 21, 1968; was never admitted to bail; and was brought to trial on May 15, 1969. The total time between arrest and trial may be separated into four periods for consideration of this point on appeal.

■■ The first period (80 days) was from the date of arrest, April 21, 1968, to July 10, 1968, on which date defendant requested substitution of a different judge, which motion was allowed. Despite the fact that there may have been very little delay in making the assignment to the new judge, there was some, and the statute specifies only that "delay" be caused in order to terminate the running of the 120-day period. Also, as a practical matter, the new judge would then have had to accommodate the case into his own trial call, and we have no way of knowing the extent of the delay which this may have occasioned. The statutory time therefore commenced anew, and defendant was not entitled to discharge on this point. (See, *e.g.*, *People v. Walker*, 100 Ill.App.2d 282, 289; and *People v. Rice*, 109 Ill.App.2d 212, 218.) *People v. Hatchett*, 82 Ill.App.2d 40, 49, cited by defendant, presented a unique and distinguishable factual situation, but if we were to consider it in point here, we would feel ourselves required to disagree with the point the instant defendant seeks to make on its authority. We believe our opinion in this regard is in line with those decisions which, having given careful consideration to the point, have reached the opposite conclusion. See *People v. Walker*, *supra*, and especially *People v. Iasello*, 410 Ill. 252, 255-256.

■■ The second period of time in question (106 days) ran from July 10, 1968, to October 24, 1968. On October 10, defendant himself, after obtaining a change in counsel, made a motion for a continuance to October 24, which was obviously a delay occasioned by defendant and started the 120-day period running again. *People v. Taylor*, 123 Ill.App.2d 430, 433.

The third period in question (90 days) ran from October 24, 1968, to January 22, 1969, on which date, on defendant's motion, the case was continued to February 19, and the 120-day period started running again from that date. On February 19, 1969, there was again a change of counsel as defendant's attorney was permitted to withdraw and there was a further continuance to March 7. On March 7, new counsel was appointed for defendant and on his motion, the case was continued to March 14, 1969.

■■ The fourth and final critical period of time (62 days) was from March 14 to May 15, 1969. The record thus indicates that at no time was defendant held in custody prior to trial for a period of 120 days which was not interrupted by a delay which he, himself, occasioned. We, therefore, hold that defendant's entire point relating to delay in trial is without merit. If, based on any of the ingredients of this decision, we are incorrect, we then rely, for the same result, upon the fact that defendant did not raise the point in any form in the trial court, and he has thus waived the point in any form in the trial court, and he has thus waived his opportunity to present it to this court. *People v. Williams,* 28 Ill.2d 280, 282; *People V. Stahl,* 26 Ill.2d 403, 404-405.

■■ Defendant next contends that the prosecutor made certain comments to the jury during his closing argument which were so prejudicial that defendant was deprived of a fair trial. We find it unnecessary to set forth each of the allegedly improper comments and to consider their possible prejudicial effect, since an examination of the record reveals that defendant never objected to any of the comments of which he now complains and has, therefore, waived that right. *People v. Keane,* 127 Ill. App.2d 383, 393-394; *People v. Hampton,* 44 Ill.2d 41, 46.

■■ The final contention of defendant on appeal is that the 6-to-15-year sentence was too severe. The jury found defendant guilty of burglary, an offense for which the possible penalty is imprisonment for an indeterminate term with a minimum of not less than one year. (Ill. Rev. Stat. 1967, ch. 38, par. 19—1(b).) Defendant, with a knife and other burglar tools in his possession, had been apprehended by a police patrol inside the burglarized premises at 3:00 A.M. At the hearing in aggravation and mitigation, the State informed the court that defendant had four prior convictions covering burglary, auto theft (Dyer Act), and two 2-to-3-year sentences for theft then currently being served. There were also four other indictments pending against defendant at the time, charging theft (2), escape and burglary. When the instant sentence was imposed, all these other cases were dropped by the State's Attorney. Defendant offered nothing in mitigation except the statement that he was "a confused, mixed-up boy [22 years old]." In view of defendant's record, the disposition of the other pending indictments, and the absence of any mitigating factors, we find that the trial court did not abuse its discretion in imposing sentence.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.