THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *v.* MAJOR NUNNERY, Appellee.

(No. 54565;

First District—February 24, 1972.

218

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen and James J. Doherty, Assistant Public Defenders, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

The State, pursuant to Ill. Rev. Stat. 1967, ch. 38, par. 120—1(b) (1) and Supreme Court Rule 604, appeals from an order of the Circuit Court which discharged defendant for want of prosecution under Ill. Rev. Stat. 1967, ch. 38, par. 103—5 * (hereinafter referred to as the "120 day rule"). This court is called upon to review the propriety of that order.

A review of the record reveals the following chronology:

February 9, 1969, defendant was arrested for two separate armed robberies;

May 27, 1969, three armed robbery indictments were returned against defendant;

---

* This section provides in pertinent parts:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant,

* * *

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

June 4, 1969, the court, on its own motion, appointed the public defender to represent defendant on all indictments, defendant was arraigned and pleaded not guilty, and the case was assigned to Judge Jiganti;

June 4, 1969, before Judge Jiganti, defendant filed a 21-point discovery motion which concluded with a prayer that the court "enter any and all appropriate orders to carry out the foregoing matters * * *." The court gave the prosecutor 15 days to respond to some matters raised in the motion and continued the case until June 12, 1969;

June 12, 1969, defendant moved for discharge under the 120 day rule and the court heard arguments on behalf of both sides;

July 11, 1969, the court granted defendant's motion for discharge.

*Opinion*

It is apparent from the above that no delay could be charged to defendant for any of the events which transpired from the date of defendant's arrest, February 9, 1969, to June 4, 1969, the 115th day of the term and the day that defendant filed his 21-point discovery motion. The nature of the information sought by this motion caused the court to allow 15 days for the State to respond.

■■ The delay necessitated by the filing of a discovery motion, as in *People v. Ross,* (1971), (Ill.App.2d), 271 N.E.2d 100, 101, or a bill of particulars, as in *People v. Richardson* (1959), 17 Ill.2d 253, 259; *People v. Taylor* (1970), 123 Ill.App.2d 430, 433 and *People v. Clark* (1968), 104 Ill.App.2d 12, 22, has been held to toll the running of the 120-day period and cause a new period to commence from the date at which the delay ceases. Although some of those cases involve delay caused by matters other than the mere filing of a discovery motion or bill of particulars, they implicitly recognize the proposition that the ultimate issue in a case wherein the defendant raises the 120 day rule in an attempt to gain his discharge is whether the defendant's actions caused or contributed to delay. See generally *People v. Fosdick* (1967), 36 Ill.2d 524, 529 and *People v. Walker* (1968), 100 Ill.App.2d 282, 288.

■■ Defendant urges that his motion caused no delay because the information sought was, at that time, in the possession of the prosecutor. This contention is incorrect in two respects: first, it presumes that, at the time of the motion, the prosecutor had a file which contained all of the information sought and that this information was assembled in such a manner to make its release to the public defender feasible; secondly, the record indicates that the State needed some time to prepare arguments in response to this motion.

■■ Defendant also contends that because the court incorrectly believed (on mistaken advice of the State's Attorney) that the end of the

120 day period was six weeks from time of the filing of the discovery motion, it continued the case until after the term had run, a continuance for a longer time than necessary for the State to answer and fulfill the requirements of the discovery motion. This argument indicates that defendant misapprehends the nature of the operation of the 120 day rule. The delay necessitated by defendant's motion caused the original 120 day term to be tolled on its 115th day. A new 120 day period would have commenced at the end of the resultant delay no matter how long or short the delay may have been. (*People v. Hairston* (1970), 46 Ill.2d 348, 353, *cert.* denied (1971), 402 U.S. 972.) For purposes of our discussion both the length and the basis for determining the length of the continuance are immaterial.

■■■ Lastly, defendant attempts to convince this court that if the delay resulting from the continuance necessitated by the discovery motion is attributed to him, an improper conflict is created between his Constitutional and statutory rights sought to be protected by the use of the discovery motion and his Constitutional right to a speedy trial. This argument ignores the principle that the 120 day rule implements but is not coextensive with the Constitutional right to a speedy trial. This argument ignores the principle that the 120 day rule implements but is not coextensive with the Constitutional right to a speedy trial. (*People v. Hairston, supra,* at 354.) The action of defendant in exercising a Constitutional right, even though that action may toll the operation of the 120 day rule, does not necessarily mean that he will not receive a speedy trial. This conclusion is dictated by the very nature of a speedy trial; *i.e.*, a trial wherein delay is not arbitrary, unreasonable, or oppressive so as to cause prejudice to defendant. See *People v. Hairston, supra* at 355.

Moreover, defendant's action in choosing to exercise his discovery rights as opposed to securing a quick trial indicates his determination of which course of action he would pursue in preparing for and securing a fair trial. See generally *People v. Johnson* (1970), 45 Ill.2d 38, 44 and *People v. Ross* (1971) (Ill.App.2d), 271 N.E.2d 100, 101.

For the reasons stated above the trial court should not have discharged defendant. Accordingly, this cause is reversed and remanded for further proceedings.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.