The People of the State of Illinois, Plaintiff-Appellant, *v.* Fred Effel Cornwell *et al.*, Defendants-Appellees.

(Nos. 72-87—72-89 cons.;

Fifth District—February 5, 1973.

Robert H. Rice, State's Attorney, of Belleville, for the People.

John R. Sprague, Jr., of Sprague, Sprague & Ysursa, of Belleville, for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The People of the State of Illinois appeal from the judgment of the Circuit Court of St. Clair County discharging defendants from custody upon allowance of their motions based upon Section 103—5(b) of the Code of Criminal Procedure. Ill. Rev. Stat., ch. 38, par. 103—5(b).

On September 14, 1970 each of the three defendants was charged by information with the offense of theft under $150. The defendants were admitted to bail and on January 6, 1971 filed a demand for a speedy trial.

On May 26, 1971, the cases were called for trial. The defendants failed to appear and with agreement of their counsel the cases were continued. It appears from the record that the cases were called for trial on July 6, 1971 at which time the defendants appeared and answered ready for trial and was not reached; that again on September 13, 1971, the cause was called for trial and was at that time continued by the State, that on November 11, 1971 on motion of the State's Attorney and without notice to defendants, the cases were transferred to the misdemeanor docket. On December 17, 1971 a notice was filed notifying the defendants that the cases would be heard on January 10, 1972, at which time the defendants appeared and filed their motion for dismissal, which were allowed and the cases dismissed.

The State here contends that the defendants on trial who demanded a speedy trial and thereafter agreed to a general continuance have waived their demand for a speedy trial subject to filing a new one; that the case is clearly controlled by the wording of the statute itself without resort to case citations.

In *Dickey v. Florida,* 398 U.S. 30, 26 L.Ed.2d 26, 90 S.Ct. 1564, Mr. Chief Justice Burger, speaking for a unanimous court, stated at page 39 of 26 L.Ed.:

> "* * * Over 30 years ago in Johnson v. Zerbst, 304 U.S. 458, 464, 82 L.Ed. 1461, 1468, 58 S.Ct. 1019, 146 A.L.R. 357 (1938), we defined 'waiver' as 'an intentional relinquishment or abandonment of a known right or privilege.' We have made clear that courts should 'indulge every reasonable presumption against waiver.' [Case cited] and that they should 'not presume acquiescence in the loss of fundamental rights.' "

The constitutional guarantee of a speedy trial is implemented by the statutory provisions of Ill. Rev. Stat. 1971, ch. 38, par. 103—5. Subsection 103—5(b) provides that every person on bail or recognizance shall be tried within 160 days from the date the defendant demanded trial, unless the delay is occasioned by the defendant. The sole issue presented is whether the defendants were required to renew their demand for trial after the continuance of May 26, 1971.

It is clear that the defendants' actions caused delay of the trial setting of May 26, 1971. Accordingly, the defendants' conduct relieved the State of the burden of providing a trial within 160 days from the date of the demand, January 6, 1971. In the case of a person in custody, subsection 103—5(2) of the statute provides for a speedy trial within 120 days unless delay is occasioned by the defendant. Under that subsection it is not necessary that a defendant make a demand, but rather the 120-day rule is automatically applicable. Thus, under that subsection

when a defendant causes a delay, the running of the statute is merely tolled and the period begins to run anew from the date to which the cause is continued. *People v. Bagato*, 27 Ill.2d 165; 188 N.E.2d 716; *People v. Hill*, 3 Ill.App.3d 286, 278 N.E.2d 441.

Here, as in *People v. Siglar*, 49 Ill.2d 491, 274 N.E.2d 65, the continuance agreed to on May 26, 1971, was not to any definite date. In that case the failure to try the defendant within the 120-day requirement was due to the indefinite continuance which he obtained and quoting from *People v. Williams*, 403 Ill. 429 @ page 432, the Court said, "The failure to try him within the statutory period was due to his agreement to an indefinite continuance; *hence the statute does not apply*". (Emphasis supplied.) Our Supreme Court in *Siglar* went on to admonish against continuances not made to a day certain.

The theory pronounced in *People v. Siglar*, that if a defendant agrees to an indefinite continuance, the statute does not apply, cannot be said to be positive that a new or renewed demand under the 160-day rule would be required to commence the running anew of the statute in the case at hand.

We have found no prior Illinois case where it has been contended that a delay occasioned by the defendant waives the prior demand for trial made pursuant to subsection 103—5(b) and requires a new demand. Certainly, the language of the statute does not call for a new demand under these circumstances. This question was not directly before the court in *People v. Bombacino*, 51 Ill.2d 17, 280 N.E.2d 697, but in that case our Supreme Court did hold that the granting by the trial court of the defendant's motion for severance tolled the running of the statutory period under 103—5(b), and that the new statutory period for trying the defendant who was out on bail began to run at the time the severance was granted. In *People v. Lee*, 44 Ill.2d 161 at 166, 254 N.E.2d 469, a case involving the 120-day rule, the Court said, "A delay charged to the defendant tolls the running of the statutory period which then starts anew from the date to which the defendant has caused the delay". In that case the delay caused by defendant resulted from his motion for severance.

The defendants point to a line of cases which hold that a delay caused by the defendant merely tolls the running of the 120 days causing the 120 days to begin anew, citing *People v. McDonald*, 4 Ill.App.3d 213, 278 N.E.2d 91, *People v. Hill*, 3 Ill.App.3d 286, 278 N.E.2d 441 and *People v. Nunnery*, 4 Ill.App.3d 217, 280 N.E.2d 537. In *People v. Nunnery* the delay caused by the defendant was held to toll the running of the 120-day period and cause a new period to commence from the date at which the delay ceased. Defendants contend that if the *Nunnery* rule is followed and applied to the 160-day rule, that in the present case the delay

occasioned by defendants' agreement to continuance on May 26, 1971, ended with the case being called for trial on July 6, 1971 and the State's continuance which was not agreed to by the defendants. They point out that after their appearing ready for trial on that date, they did nothing to cause further delay, and that under the holding of *Nunnery* they were entitled to dismissal of the cases because they were not brought to trial, in compliance with their demand, within 160 days of that date.

Those contentions are based on the premises that the cited Appellate Court cases are applicable to the factual situation here present; that the formal demand filed May 26, 1971 was a continuing one which became effective again upon the termination of the delay which they had caused, and that their agreement to an indefinite continuance only made the statute inapplicable, until such time as the case was again set for trial.

■■ We believe the case of *People v. Siglar, supra,* is not here applicable in that in this case the delay occasioned by agreement to the indefinite continuance definitely terminated when the defendants appeared ready for trial on July 6, 1971, and the inapplicability of the statute was thus terminated. Applying the rule pronounced in *People v. Lee,* compliance with the 160-day rule was required within 160 days from July 6, 1971. Subsequent thereto the defendants caused no further delay, and were not tried within 160 days of that date. We therefore affirm.

Judgment affirmed.

G. MORAN and CREBS, JJ., concur.