THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKEY VANDERBILT, Defendant-Appellant.

(No. 59883;

First District (3rd Division)—March 20, 1975.

James Doherty, Public Defender, of Chicago (Aaron Spivack and James N. Gramenos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Rickey Vanderbilt was indicted for rape and deviate sexual conduct. He waived a jury, was found guilty of both offenses and sentenced to the penitentiary for a term of 5 to 15 years. The issue on review is whether he was tried within 120 days of his arrest.

The pertinent statute provides that a person shall be tried within 120 days from the date he was taken into custody unless delay is occasioned by him, by an examination, hearing or adjudication as to his competency, by his physical incapacity or by an interlocutory appeal. (Ill. Rev. Stat. 1971, ch. 38, par. 103—5.) Vanderbilt was arrested on January 3, 1973 and remained in custody until his trial on June 21. On that date—169 days after his incarceration—he demanded his discharge. The statute, however, was tolled from January 5 to February 16 because of a psychiatric examination ordered by the court. He was found competent and was subsequently indicted. The parties agree, for the purpose of this

appeal, that the 120-day period started anew on February 16 and that it expired 5 days before his trial. They also agree that the test in determining whether the statute had run was what occurred on April 10, 1973—which was 53 days after the term recommenced on February 16 and 72 days before the trial.

Vanderbilt was arraigned on April 10, the public defender was appointed to represent him, and his case was assigned to Judge Earl E. Strayhorn for trial. On that same day the defendant's newly appointed counsel and the assistant State's attorney assigned to Judge Strayhorn's courtroom filed pretrial discovery motions. As he filed his motion the defendant's counsel stated:

> "I am filing this without any intention of delaying the trial. If there are any parts of the motion that would delay the trial, I would be willing to waive those parts."

The State acknowledged receipt of the motion and the court replied:

> "All right.
> Reciprocal discovery motions having been filed, the State is granted ten days to file [answer], the defense has ten days thereafter to respond to the State's request.
> May 4th, without subpoenas—"

The defendant's counsel:

> "We object to it being regarded as under the defense' motion."

The court:

> "Very well."

It is the State's view that the defendant's motion for discovery made a postponement necessary and the delay was therefore occasioned by him. The acceptance of this viewpoint, under the facts of this case, would mean that the mere filing of a discovery motion no matter how tentative, contingent or quickly answered would be enough to stop the running of the statute. This contention was specifically rejected by this court in *People v. Scott* (1973), 13 Ill.App.3d 620, 301 N.E.2d 118.

It is the practice in the Criminal Court of Cook County to appoint counsel for a defendant when he is arraigned and to immediately assign his case to a trial court. The trial court may continue the case on its own motion without subpoenas to an early date to enable the newly appointed counsel to familiarize himself with the case and to interview the defendant. On the next court date appropriate motions may be filed and the case is then set for another date with or without subpoenas by order of the court, by agreement or upon the motion of the party who needs more time to prepare. In the present case it appears that the defense attorney wanted to avoid even the initial continuance. His client had been

in custody 97 days and, although he sought to competently represent him by asking for discovery, his paramount consideration was not to be responsible for further delay.

All discovery motions cannot be considered dilatory. Some may take time to answer, some may not. (See *People v. Scott.*) This one may have required a great deal of time, or maybe the requested information was readily at hand in the prosecutor's file. The prosecutor did not say how much time he needed to comply with the motion and the court gave him 10 days. This order and the one continuing the case to May 4 were entered after the defendant's attorney had announced that if answering any part of his motion would cause delay, he would withdraw that part. This indicated a willingness to withdraw the motion in its entirety, and under these circumstances his discovery motion cannot be said to have occasioned delay.

We assume that Judge Strayhorn was of the same opinion. He gave each side time to respond to the other's motion, but he replied "Very well" when the defendant protested that the continuance should not be charged to him. We construe the court's response to mean acquiescence in the defendant's objection. The minute clerk charged the continuance to "motion defendant." There is nothing in the transcript of the proceedings of April 10 to support this entry, and in view of the colloquy between court and counsel we take it to be a clerical misprision.

In denying the defendant's motion for discharge under the "Fourth Term" Act, the judge from whom this appeal is taken relied, understandably so, on the clerk's attribution of delay to the defendant. However, since the defendant was not responsible for not having been brought to trial within 120 days of his arrest, he was entitled to discharge. The judgment must be reversed.

Reversed.

McGLOON, P. J., and MEJDA, J., concur.