THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL DONALSON, Defendant-Appellant.

(No. 60097;

First District (4th Division)—September 10, 1975.

Paul Bradley and Margaret Maxwell, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial, Carl Donalson was convicted of murder and attempt armed robbery and sentenced to a term of 20 to 40 years in the Illinois State Penitentiary. He appeals from the conviction and raises the following issues on review: (1) whether the motions by the defendant were delays attributable to him; (2) whether defendant was deprived of his right to communicate with his family and whether he knowingly and intelligently waived his right to counsel during questioning by the police; (3) whether the defendant waived the issue of probable cause for arrest or, alternatively, whether there was probable cause for arrest; (4) whether the defendant's confession was sufficiently corroborated; and (5) whether convictions for two offenses arising out of divisible acts during the same transaction may be affirmed.

Defendant was arrested on January 29, 1972, and, on January 31, 1972, he was taken before an associate judge where bail was denied. On defendant's motion the cause was continued until February 15, 1972. The grand jury indicted him for murder on April 17, 1972, and he was arraigned on April 25, 1972. Then the following events transpired: on April 25, 1972, the State filed its motion for discovery; on May 5, 1972, the defendant filed a motion for discovery; on May 19, 1972, defendant's attorney filed a motion to suppress, a motion for a copy of the minutes of the preliminary hearing without charge, and a motion for physical examination of the defendant; on June 8, 1972, the State filed its answer to defendant's discovery motion, and filed a request for notice of alibi defense; and then on June 12, 1972, the defendant filed a notice of motion for dismissal of the indictment for failure to bring him to trial within 120 days. This motion was denied by the trial court on July 7, 1972.

The defendant argues that the trial court erred in denying his motion to dismiss for lack of prosecution on July 7, 1972, because the discovery motion submitted by defendant on May 5, 1972, was not a delay occasioned by him. The State, on the other hand, maintains that defendant's motions for discovery, suppression of the confession and physical exami-

nation of the defendant, entered in May 1972, were delays occasioned by the defendant and tolled the running of the 120-day term.

■■ We must determine whether the motions submitted by the defendant caused or contributed to a delay in the trial. The speedy-trial provision of the Criminal Code provides in pertinent part:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, * * *." (Ill. Rev. Stat. 1971, ch. 38, § 103—5(a).)

In computing the 120-day period within which an accused is required to be brought to trial, the first day is excluded and the last day is included. (*People v. Behning* (1970), 130 Ill.App.2d 536, 263 N.E.2d 607.) However, a delay attributed to the defendant tolls the 120-day period and the period begins to run anew from the date to which the defendant caused the delay. (*People v. Bombacino* (1972), 51 Ill.2d 17, 280 N.E.2d 697. See also *People v. Lee* (1969), 44 Ill.2d 161, 254 N.E.2d 469; and *People v. Cornwell* (1973), 9 Ill.App.3d 799, 293 N.E.2d 139.) In this case the statute began to run on February 15, 1972, not January 31, 1972, since defendant continued the cause to that date. The 120-day period ran on June 14, 1972, and the motion to dismiss for lack of prosecution was heard on the 143rd day of the period.

We have carefully reexamined the chronology of the events because time is crucial when the 120-day rule is involved. The State contends that the defendant first tolled the statute with his motion for discovery on May 5, 1972, the 80th day of the term. Both sides were given 15 days to reply to the opponent's discovery motion of May 5, 1972, and the State filed an answer on June 8, 1972, 6 days before the 120-day period ran. When the trial court next convened, defendant's motion to dismiss was denied, with the court adopting the State's position and relying on *People v. Nunnery* (1972), 4 Ill.App.3d 217, 280 N.E.2d 537. However, the Illinois Supreme Court reversed the appellate court's decision and held that a discovery motion is not inherently dilatory and, therefore, does not automatically extend the period within which an accused must be brought to trial. *People v. Nunnery* (1973), 54 Ill.2d 372, 297 N.E.2d 129.

We think that discovery is such an integral part of pretrial practice that we refuse to hold that the mere filing of a discovery motion tolls the statute since a trial is a search for truth and disclosure aids this process. Disclosure promotes the proper administration of criminal justice (*Dennis v. United States* (1966), 384 U.S. 855, 870, 16 L.Ed.2d 973, 86 S.Ct. 1840), advances the fullest possible presentation of facts, and minimizes the opportunities for falsification of evidence. (*United States*

*v. Feinberg* (N.D. Ill. 1974), 371 F.Supp. 1205; *People v. Wimberly* (1970), 384 Mich. 62, 179 N.W. 2d 623.) See also ABA Standards for Criminal Justice, Discovery Procedures Before Trial.

In determining whether a discovery motion occasions delay, reviewing courts must scrutinize the motion and apprise its need, its timeliness, and its complexity. (*People v. Scott* (1973), 13 Ill.App.3d 620, 301 N.E.2d 118.) In this case, the discovery motion would have to be considered timely since defendant was arraigned on April 25, 1972, and the motion was filed 10 days later, on May 5, 1972. Forty days remained in the term and the State responded on June 8, 1972, leaving 6 days for the State to commence its prosecution before the term expired. Finally, the motion could not be considered complex since it was a form motion merely requesting disclosure of evidence to which defendant is entitled under Supreme Court Rule 412. Being familiar with the Rule, the motion was one the State had seen before, and by no means was a time-consuming answer necessitated by the motion since the information requested was in the control and possession of the State, and was provided some 34 days later.

Next, the State contends that defendant's motion to suppress, filed on May 19, 1972, constituted a delay occasioned by the defendant. In support of this contention, the State relies on *People v. Schoeneck* (1971), 1 Ill.App.3d 395, 274 N.E.2d 483, and *People v. Jones* (1971), 130 Ill.App. 2d 769, 266 N.E.2d 411. *Schoeneck* held that defendant's motion to suppress lineup identification and to suppress statements caused a delay in the trial since these motions involve "hearing of testimony and consideration of it." While we concur with *Schoeneck's* holding that a hearing on a motion to suppress involves some inherent delay and constitutes a delay occasioned by defendant, we do not think that it should be followed here. In this case no hearing was held on the motion to suppress until July 25, 1972, well after the 120-day period had run. Moreover, we are unwilling to hold that the mere filing of a motion to suppress, without more, constitutes a delay chargeable to defendant.

Finally, it is contended by the State that defendant's motions for a copy of the minutes of the preliminary hearing without charge and for a physical examination of defendant occasioned delays chargeable to defendant. We disagree because these motions were heard on the day they were filed, May 19, 1972, so no delay could have possibly been caused by them.

The question of delays attributable to the defendant has received considerable attention from our courts. *People v. Hairston* (1970), 46 Ill.2d 348, 263 N.E.2d 840 (trial counsel not with defendant on the 120th day); *People v. Denham* (1966), 33 Ill.2d 599, 213 N.E.2d 539 (where private

counsel was retained until the 120-day period nearly expired and then obtained appointed counsel); *People v. Behning* (1970), 130 Ill.App.2d 536, 263 N.E.2d 607 (substitution of attorney); *People v. Jenkins* (1968), 101 Ill.App.2d 414, 243 N.E.2d 259 (request for new attorney and the attorney's request for a psychiatric examination.)

In *People v. Vanderbilt* (1975), 27 Ill.App.3d 168, 326 N.E.2d 418, this court held that the discovery motion did not occasion delay attributable to the defendant and reversed a finding of guilty. Also see *People v. Mollet* (1975), 28 Ill.App.3d 415, 328 N.E.2d 697.

All the continuances are either on motion of the State, order of court, by agreement or motion of the defendant. Only if the continuance is by agreement or on motion of the defendant may the delay be chargeable to the defendant. When the discovery motion is made and the judge orders compliance and continues the matter to give the State time to comply, he must make a judgment based on what is before him at that time as to the accountability for the delay. *People v. Green* (1975), 30 Ill.App.3d 1000, 333 N.E.2d 479.

██ We hold that the judgment entered against the defendant must be reversed, because the State failed to bring him to trial within 120 days of his arrest. The motions filed by defendant neither jointly nor severally caused or contributed to a delay of the trial. Because the case has to be reversed, we need not reach the other issues raised by the defendant.

The judgment entered on the verdict of guilty against the defendant by the circuit court of Cook County is reversed.

Reversed.

DIERINGER, P. J., and ADESKO, J., concur.