THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL TOWNSEL, Defendant-Appellant.

(No. 59429; ▮▮▮▮▮▮▮)

First District (1st Division)—October 6, 1975.

James J. Doherty, Public Defender, of Chicago (Lance R. Miner and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Raymond J. Prosser, and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

The defendant, Samuel Townsel, was convicted of armed robbery and sentenced to a term of 4 to 8 years. His appeal raises two issues: First, whether a motion for discharge under the 120-day rule (Ill. Rev. Stat. 1973, ch. 38, § 103—5) should have been granted; and second, whether the lineup identification procedures were so suggestive that he was denied a fair trial. Our decision on the first issue makes consideration of the second contention unnecessary.

The defendant was arrested on August 3, 1972, and remained in custody continuously thereafter. His trial commenced on March 13, 1973, more than 120 days after his arrest. Defendant was arraigned on October 20, 1972. The common-law record reflects that on that date the case was continued until November 17, 1972, by order of the court. A further series of continuances was ordered by the court: from November 17, 1972, until January 8, 1973, then to February 14, 1973, next to March 6, 1973, and finally to March 12, 1973. The defendant answered ready for trial on January 8, 1973, and again on February 14, 1973, when the judge said he could not accommodate the defendant and continued the case. Defendant filed his petition for discharge based on the 120-day rule on March 12, 1973. It was denied on that day and trial commenced the next day.

The defendant was entitled to discharge unless he occasioned delay. (Ill. Rev. Stat. 1973, ch. 38, § 103—5.) On February 14, 1973, the State's Attorney informed the court that all the continuances had been by the order of the court. The court responded that it made no difference, that it was relying on the appellate court opinion in *People v. Nunnery* (1972), 4 Ill.App.3d 217, 280 N.E.2d 537,[1] and would rule that the 120-day period began to run on November 17, 1972, the date to which the matter was continued on October 20, 1972. Thus, in effect, the court was changing its order of October 20, 1972, which continued the case to

---

[1] This decision was later reversed by the Supreme Court in *People v. Nunnery* (1973), 54 Ill.2d 372, 297 N.E.2d 129.

November 17, 1972, by order of the court. However, the 120-day period had run prior to February 14, 1973, because each continuance had been granted by order of the court, and consequently none of the delays could be attributed to the defendant. He was, therefore, already entitled to discharge on February 14, 1973, and his right to discharge should not have been thwarted by a retroactive change in the record after the term had run.

We conclude that the requisite period had run when the defendant made his motion for discharge on March 12, 1973. The judgment of conviction is, therefore, reversed.

Judgment reversed.

GOLDBERG and EGAN, JJ., concur.